IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

TANYA JACKSON, et al., )
)
    Plaintiffs, )
)
v. ) No. 1:08cv984 (LMB/TRJ)
)
ESTELLE PLACE, LLC, et al., )
)
    Defendants. )

<u>MEMORANDUM OPINION</u>

    Before the Court is the plaintiffs' Petition for Award of Attorneys' Fees and Costs [42] in which plaintiffs seek an award of $86,471.00 in attorneys' fees and $1,710.94 for the costs incurred in litigating and settling this civil action. Defendants have opposed the amount sought, arguing that it is excessive and unreasonable. For the following reasons, the plaintiffs will be awarded $36,000.00 in attorneys' fees and $407.73 in costs.

**I.  Background**

    Plaintiffs Tanya Jackson, Michael Agyeman, Thomas George, Isaac Asare, Sharon Doss, and Courtney Collins brought this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq., to recover overtime wages owed to them by the defendants, Estelle Place LLC, Jireh Place LLC, Our Place LLC, Destiny Place LLC, Debra Roundtree, and Mary Bell. Defendants are providers of group home services to disabled persons. Although each group home was managed by a different limited

liability corporation, for the purposes of settling this litigation, the defendants agreed to include all of the hours worked by the plaintiffs for the various defendants in determining appropriate compensation under the FLSA. Defendants also agreed to characterize one plaintiff, Agyeman, as an exempt employee to whom overtime wages were due.

The Complaint, which also included claims of breach of contract and quantum meruit, was filed on September 22, 2008. Defendants did not file a motion to dismiss. On December 5, 2008, plaintiffs filed a Motion to Allow Notice to Similarly Situated Employees, which the defendants opposed. After the Court granted the plaintiffs' motion on December 19, 2008, the parties requested a stay of the proceedings while they negotiated a settlement of the claims. The parties reached a confidential settlement before any extensive discovery or motions practice had to been conducted. The settlement resolved the plaintiffs' FLSA claims, except for the issue of attorneys' fees and costs, which the parties agreed to submit to the Court. The settlement was approved on February 23, 2009.

II. Discussion

Pursuant to the FLSA, a prevailing party is entitled to an award of reasonable attorneys' fees and costs. See 29 U.S.C. § 216(b). Because the parties have agreed that plaintiffs are the prevailing parties under 29 U.S.C. § 216(b), the plaintiffs

are entitled to an award of reasonable attorneys' fees and costs. However, plaintiffs bear the burden of establishing that the fees and costs they seek are reasonable. See Plyler v. Evatt, 902 F.2d 273, 277 (4th Cir. 1990).

In arriving at a reasonable attorneys' fee, the Court first must determine the lodestar figure by multiplying the number of reasonable hours expended times a reasonable hourly rate. See Robinson v. Equifax Info. Servs., 560 F.3d 235, 243 (4th Cir. 2009). In determining the number of reasonable hours expended and a reasonable hourly rate, the Court considers the twelve factors set out in Barber v. Kimbrell's Inc. Id.; see also Barber v. Kimbrell's Inc., 577 F.2d 216, 226 n.28 (4th Cir. 1978). These Kimbrell factors are:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

577 F.2d at 226 n.28. After deducting any fees that resulted from time spent on unsuccessful claims, the Court evaluates the "degree of success enjoyed by the plaintiff" and arrives at a

final reasonable fee. See Grissom v. The Mills Corp., 549 F.3d 313, 321 (4th Cir. 2008) (internal quotations and citations omitted).

A. Reasonable Hourly Rate

Plaintiffs were represented in this lawsuit by The Employment Law Group, P.C. of Washington, DC and seek an award of attorneys' fees for 362.3 hours of work performed by two principals, an associate, a legal assistant, and a private investigator. The hourly rates billed were: $410 for principals Nicholas Woodfield and Robert Scott Oswald, attorneys who each have between 11 and 19 years of experience, $225 for an associate with 1 to 3 years of experience, and $130 for work performed by a legal assistant and a private investigator. In total, plaintiffs seek $86,471.00 in attorneys' fees.

Plaintiffs have the burden of proving that the hourly rate sought by each of their attorneys is reasonable. See Robinson, 560 F.3d at 243-45. To meet this burden, plaintiffs must provide not only affidavits of their own attorneys, but also "specific evidence of the prevailing market rates in the relevant community for the type of work for which [they] seek[] an award." Id. (quoting Plyler, 902 F.2d at 277).

Plaintiffs support their contention that the hourly rates they seek are consistent with the prevailing market rates in this district with the affidavits of Mr. Woodfield and two well-

4

respected employment lawyers who practice in the Eastern District of Virginia, Patricia Smith and Elaine Charlson Bredehoft. Both Ms. Smith and Ms. Bredehoft stated that they believed The Employment Law Group, P.C. was charging the prevailing market rate for lawyers with the same amount of experience as Mr. Woodfield and Mr. Oswald. However, both of those affidavits, as well of that of Mr. Woodfield, consistently refer to and rely upon the Laffey Matrix, which the Fourth Circuit has held is not sufficient evidence of the prevailing rates in Northern Virginia. See Grissom, 549 F.3d at 323.

In response, the defendants argue that the rates charged by The Employment Law Group exceed the prevailing market rate in the Eastern District of Virginia. This argument is meritorious. The defendants correctly contend that the Laffey Matrix, which was developed in the District of Columbia, does not accurately reflect the prevailing rates in Northern Virginia, where this case was litigated. See Grissom, 549 F.3d at 323. Defendants also provide the affidavits of Edward Rosenthal, lead defense counsel, and Edward Lee Isler, an extremely experienced Northern Virginia employment lawyer, both of which provide strong support for the conclusion that prevailing hourly rates in this district are significantly less than the hourly rates plaintiffs' counsel charged in this civil action. Of particular significance is the hourly rate generally charged by lead defense counsel Edward

5

Rosenthal, founder and managing partner of Rich Rosenthal Manitta Dzubin & Kroeger, LLP, a law firm which plaintiffs' counsel twice recognized as "one of the preeminent law firms" in the Eastern District of Virginia. See Mem. in Supp. of Plfs.' Pet. 11, 15. Mr. Rosenthal, who has more years of experience than either Mr. Woodfield and Mr. Oswald, avers that he regularly charges $375 per hour, although he reduced that rate to $325 per hour for this case. He also avers that, in his experience, attorneys in the Eastern District of Virginia with experience and competence equivalent to that of Mr. Woodfield and Mr. Oswald charge between $275 and $350 per hour for similar cases, associates with one to three years of experience are normally billed at $165 to $195 an hour, and legal assistants are usually billed at between $50 and $80 an hour. In fact, Mr. Rosenthal's law firm bills legal assistants at $55 an hour.

After carefully reviewing the submissions of the parties, the Court finds that the rates requested by the plaintiffs do not reflect the prevailing market rates in the Eastern District of Virginia. As the Fourth Circuit has recently noted, the Laffey Matrix does not control in the Eastern District of Virginia, and plaintiffs have not met their burden of showing "that the Laffey Matrix . . . is a reliable indicator of the hourly rates of litigation attorneys in [Alexandria], Virginia. . . ." See Robinson, 560 F.3d at 245 (quoting Grissom, 549 F.3d at 323).

6

Moreover, courts in this district have repeatedly recognized that hourly rates charged in Washington, D.C. are usually higher than hourly rates charged in the Eastern District of Virginia. See, e.g., Am. Canoe Ass'n v. EPA, 138 F. Supp. 2d 722, 740-42 (E.D. Va. 2001). Furthermore, the affidavits provided by the plaintiffs conflict with the affidavits provided by the defendants as to what constitutes the prevailing market rates for experienced attorneys, associates, and legal assistants in this district. For these reasons, the Court finds that the hourly rates suggested by the defendants more accurately reflect the prevailing market rates in Northern Virginia and will reduce the hourly rate to $350 to for Mr. Woodfield and Mr. Oswald, $170 for the associate, and $60 for the legal assistant. The Court will not award any fees for the private investigator.[1]

B. **Reasonable Number of Hours Expended**

Plaintiffs seek reimbursement for a total of 362.3 hours expended by the attorneys and staff of The Employment Law Group, P.C. This figure is compromised of 123.9 hours of work performed by Mr. Woodfield, 11.5 hours performed by Mr. Oswald, 16.3 hours performed by associate Katie Araus, 91.9 hours performed by a

---

[1] Although the defendants did not dispute the hourly rate for the private investigator, the Court has not determined what hourly rate is reasonable because this entire fee is unreasonable. Given the broad discovery tools available in civil litigation, the need for an investigator is highly questionable and in this Court's experience has not been sought by a civil litigant in a fee petition.

legal assistant, and 106.0 hours performed by a private investigator. Plaintiffs have also requested reimbursement for a sum of 9.1 hours billed by unidentified persons with the initials AAC, DLS, and JMZ.[2]

Defendants argue that the hours expended on this litigation were excessive considering the type and size of plaintiffs' claims and ask that these hours be significantly reduced because they were unnecessary and unwarranted. The defendants contend that plaintiffs should have sought an early settlement given the modest monetary claims at issue. They also object to the number of hours that plaintiffs incurred early in the litigation by preparing discovery requests even before an initial pretrial conference was held, and they also specifically challenge seven categories of fees as unreasonable, unnecessary, or unrelated to the successful claims. These categories include charges for: 1) work performed to evaluate the claims before plaintiffs' counsel agreed to be retained, 2) background checks run on plaintiffs and defendants, 3) legal research into retaliation issues, which were not alleged in the Complaint, 4) other research unrelated to the FLSA claims, 5) case evaluation meetings, 6) time spent on efforts to recruit other potential

---

[2] The award will not include the hours billed by these three individuals because the plaintiffs did not provide any information about the qualifications or experience of these individuals, and, therefore, the Court is unable to determine a reasonable hourly rate for these individuals.

plaintiffs, who did not join the lawsuit, and 7) work that appears duplicative or lacks sufficient description to evaluate its relevance to the civil action.

Hours that are excessive, redundant, or unnecessary should not be included in a fee award. See Hensley v. Eckerhart, 461 U.S. 424, 433-34 (1983). In addition, "hours that are not properly billed to one's client are . . . not properly billed to one's adversary pursuant to statutory authority." Id. Furthermore, fees should not be awarded for hours that are duplicative or where it is unclear why the hours were expended.

The defendants' seven specific objections have merit. First, the fees charged for running background checks on the parties and performing additional research on the defendants were unnecessary to litigate the FLSA claims, and, thus, were not reasonably expended. Second, the fees related to the case evaluation meeting on July 18, 2008 were also unnecessary and redundant. At this meeting, six attorneys billed 1.5 hours each "to evaluate the merits" of the plaintiffs' claims. These relatively straightforward FLSA claims did not require such a meeting or the hours spent preparing for it. Third, the fees related to The Employment Law Group's examination of the plaintiffs' claims before the Group was retained will not be included because a private client would not be charged for those expenses. See Hensley, 461 U.S. at 433-34. Finally, fees that

9

the attorneys billed for time spent researching a retaliation claim and trying to recruit other plaintiffs will not be awarded because no retaliation claim was alleged in the Complaint and additional plaintiffs did not join the lawsuit. These reductions reduce the total number of hours reasonably expended from 123.9 to 109.7 hours for Mr. Woodfield, from 11.5 to 7.9 hours for Mr. Oswald, from 16.3 to 7.4 hours for the associate, and from 91.9 to 89.7 hours for the legal assistant. The hours expended by the three unidentified individuals will not be awarded.

Only one of the Kimbrell factors, "the amount involved and the results obtained," requires further adjustment of the fee. The time and labor expended, the skill required to properly perform the legal services, the customary fee for like work, and the experience, reputation, and ability of the attorney are all adequately accounted for in the hourly rate and hours awarded to plaintiffs. Plaintiffs' attorneys have significant experience litigating employment law cases, but this civil action did not present particularly challenging legal or factual questions. Moreover, nothing about the relatively straightforward FLSA claims presented by plaintiffs and the litigation before this Court requires further adjustment based on the attorneys' opportunity costs, the attorneys' expectations at the outset of litigation, time limitations imposed, or the undesirability of the case within the legal community. Finally, neither

plaintiffs' attorneys' one time representation of the plaintiffs nor attorneys' fee awards in similar cases support increasing or decreasing the award.[3]

Lastly, the Court has considered the amount involved and the results obtained in evaluating the reasonableness of the fees. See Farrar v. Hobby, 506 U.S. 103, 114 (1992) ("'[T]he most critical factor' in determining the reasonableness of a fee award 'is the degree of success obtained.'"). In the end, only six plaintiffs joined this lawsuit and their total recovery was less than $10,000 before being doubled under the liquidated damage provision of the FLSA. Moreover, of the six awards, four were for less than $1,000 before doubling as plaintiff Agyeman received the largest recovery because of the misclassification. An attorneys' fee should bear some reasonable relationship to the recovery of plaintiffs. Given the modest value of the plaintiffs' claims, the Court will further reduce to the lodestar figure by approximately 25 percent to $36,000.00.

For these reasons, the Court determines that a lodestar figure of $36,000.00 is reasonable. It is unnecessary to subtract fees incurred for unsuccessful, unrelated claims or to

---

[3] Plaintiffs cite to attorneys' fee awards they received in two other FLSA actions in this district to support their Petition. However, plaintiffs do not provide any information about the nature of those claims or the amount of discovery or motions practice conducted in those actions. Therefore, it is impossible for the Court to satisfactorily compare those awards with the award in this case.

11

award only a percentage of this amount because plaintiffs settled all of their claims for full value. Cf. Johnson v. City of Aiken, 549 F.3d 333, 337 (4th Cir. 2002).

### C. Costs

Finally, the plaintiffs request that they be awarded $1,710.94 in costs. The defendants oppose $1,303.21 of these costs, arguing that these expenditures resulted from unnecessary background checks, legal research on the retaliation claim that was not alleged, meal expenses for meetings with potential plaintiffs who did not join the lawsuit, and mileage for unnecessary meetings with clients. All of the defendants' objections have merit. These expenses were either unrelated to or unnecessary for the successful claims. For these reasons, only $407.73 will be awarded.

### D. Financial Position of the Defendants

In their Memorandum in Response to Plaintiffs' Petition, the defendants raised the issue of the defendants' financial position and observed that the attorneys' fees requested "threaten[] to bankrupt these Defendants." Mem. in Resp. 21. Although the defendants' memorandum did not specifically request a reduction of the award based on the defendants' inability to pay, the letters attached as exhibits included the defendants' financial information and asked the Court for leniency or to consider their circumstances. The financial position of the defendants is not

12

one of the factors to be considered in arriving at a reasonable attorneys' fee. <u>See, e.g.</u>, <u>Grissom</u>, 549 F.3d at 321. Accordingly, the fee will not be further reduced.

III.     Conclusion

For all these reasons, the Court finds that a total award of $36,000.00 in attorneys' fees and $407.73 in costs is reasonable and will be awarded by an Order to be issued with this Memorandum Opinion.

Entered this 8 day of May, 2009.

Alexandria, Virginia

/s/ *signature*
Leonie M. Brinkema
United States District Judge